IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DALLAS MARSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-CV-00903 |
| | § | |
| PELEUS INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Peleus Insurance Company files this Notice of Removal under 28 U.S.C. Section 1446(a) and respectfully states.

**I.
INTRODUCTION**

1. Plaintiff Dallas Marston ("Plaintiff") commenced this lawsuit on July 24, 2017 by filing Plaintiff's Original Petition in the 73rd Judicial District Court of Bexar County, Texas – Cause No. 2017-CI-13407.

2. Plaintiff's Original Petition, which included a jury demand, named Oklahoma Specialty Insurance Company ("OSIC") as the only defendant in this suit.

3. On August 28, 2017, Plaintiff filed Plaintiff's First Amended Petition, which dropped OSIC as defendant and added Peleus Insurance Company ("Peleus") as the only defendant in this suit.[1]

4. Because Peleus was first named as a defendant in this action on August 28, 2017,

---

[1] By filing an amended pleading that did not include OSIC as a defendant, Plaintiff effectively nonsuited or voluntarily dismissed OSIC as a party to this action. *See Randolph v. Jackson Walker, L.L.P.*, 29 S.W.3d 271, 274 (Tex. App. – Houston [14th District] 2000, pet. denied).

Peleus files this Notice of Removal within the 30-day time period required by 28 U.S.C. Section 1446(b).

5. Venue is proper in this district under 28 U.S.C. Section 1441(a) because the state court where the action is pending is located in this district.

## II.
## BASIS FOR REMOVAL

6. Removal is proper under 28 U.S.C. Section 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees. These two conditions are clearly satisfied in this matter.

**A.   Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Peleus.**

7. As set forth in Plaintiff's First Amended Petition, Plaintiff is a real person who resides (and is domiciled) in Bexar County, Texas.[2] Plaintiff is thus a citizen of Texas for purposes of this Court's diversity jurisdiction.

8. Defendant Peleus is an insurance company incorporated in the State of Virginia with its principal place of business in Virginia. Peleus is thus a citizen of Virginia for diversity jurisdiction purposes.

9. Because Plaintiff is a citizen of Texas and Peleus is a citizen of Virginia, there is complete diversity between the parties for purposes of this Court's diversity jurisdiction.

**B.   Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

10. If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees, Peleus' burden to establish the amount in controversy

---

[2]   *See* Plaintiff's First Amended Petition at ¶4a.

exceeds this Court's jurisdictional threshold is satisfied.[3]

11. Here, Plaintiff's First Amended Petition states that Plaintiff seeks to recover damages between $200,000 and $1,000,000 in this lawsuit.[4] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

12. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees, removal is proper under 28 U.S.C. Section 1332(a).

### III.
### CONCLUSION

13. As required by 28 U.S.C. Section 1446(a) and Local Rule 9027, a copy of each of the following are attached to (or filed with) this Notice of Removal:

   a. the docket sheet in the state court action; and

   b. each pleading, writ, or order filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date).

14. Peleus will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

WHEREFORE, Defendant Peleus Insurance Company requests that this action be removed from the 73rd Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

---

[3] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[4] *See* Plaintiff's First Amended Petition at ¶2.

Respectfully submitted,

**ZELLE LLP**

By: */s/ James W. Holbrook, III*
   Steven J. Badger
   Texas Bar No. 01499050
   sbadger@zelle.com
   James W. Holbrook, III
   Texas Bar No. 24032426
   jholbrook@zelle.com
   William W. Cardwell, IV
   Texas Bar No. 24094419
   wcardwell@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:     214-742-3000
Facsimile:     214-760-8994

**ATTORNEYS FOR DEFENDANT
PELEUS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that, on September 14, 2017, a true and correct copy of Defendant's Notice of Removal was served upon all known counsel of record pursuant to the Federal Rules of Civil Procedure as follows:

Kelly Utsinger
Kelly.utsinger@uwlaw.com
Benjamin D. Doyle
Ben.doyle@uwlaw.com
UNDERWOOD LAW FIRM, P.C.
500 South Taylor, Suite 1200
P.O. Box 9158
Amarillo, TX 79105
Telephone:     806-376-5613
Facsimile:     806-349-9476
*Attorneys for Plaintiff*

   */s/ James W. Holbrook, III*
   James W. Holbrook, III