# Exhibit B

FILED
7/24/2017 12:01 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

cit cml sac1

CAUSE NO. 2017CI13407

| | | |
|---|---|---|
| DAWSON FINANCIAL, INC., dba DALLAS MARSTON | § § § | IN THE 73 DISTRICT COURT |
| Plaintiff, | § § § | |
| v. | § § | IN AND FOR |
| OKLAHOMA SPECIALTY INSURANCE COMPANY | § § § § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, Dawson Financial, Inc., dba Dallas Marston ("Dallas Marston" or "Plaintiff"), files this Original Petition complaining of Defendant, Oklahoma Specialty Insurance Company, and would show:

### RULE 47 STATEMENTS AND DISCOVERY CONTROL PLAN

1. The damages sought by Plaintiff are within the jurisdictional limits of the Court.

2. Plaintiff seeks monetary relief between $200,000.00 and $1,000,000.00.

3. Plaintiff intends this case to be governed by Discovery Control Plan Level III under Texas Rule of Civil Procedure 190.4.

### PARTIES

4. **Parties.** The parties are as follows:

a. Plaintiff, Dawson Financial, Inc., dba Dallas Marston is a Texas Corporation and a resident of Bexar County, Texas.

b. Defendant, Oklahoma Specialty Insurance Company, is an Oklahoma insurance carrier who does business in the state of Texas and can be served with process at 800

Gessner Road, Suite 600, Houston, Texas 77024.

## JURISDICTION AND VENUE

5. This court has jurisdiction of this suit pursuant to section 24.007 et seq. of the Texas Government Code because the Plaintiff's damages exceed the minimum jurisdictional limits of the Court.

6. The incident, and the events or omissions forming the basis of the claim herein asserted, occurred in Bexar County, Texas. Venue is therefore proper in Bexar County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE Section 15.002(a)(1).

## FACTUAL BACKGROUND

7. Plaintiff is the owner of the apartment buildings located at 10114 Sahara Street (the "Property"). Defendant insured the Property against casualty loss under Policy number PRO-440079-2.

8. On or about April 12, 2016, during the insurance period, Plaintiff's property was damaged by a hail/wind storm. The hail/wind storm caused damage to the Property, including costs necessary to repair paint, windows, HVAC equipment, and roofing systems.

9. Plaintiff timely filed a claim with Defendant and gave Defendant an opportunity to investigate the loss. Defendant hired Engle Martin and Associates as its independent adjuster. Engle Martin authored a report dated March 29, 2017, determining that the primary cause of loss at the property was hail. However, Defendant has refused to pay substantial amounts due to repair paint, windows, HVAC equipment, and roofing systems that were damaged by the storm.

10. Plaintiff submitted a partial proof of loss on or about August 4, 2016 and has complied with all other obligations under the Policy. Defendant has failed and refused to pay the amounts owed under the Policy.

11.     Based upon Defendant's refusal to pay the claim, Plaintiff invoked the contractual Appraisal process under the insurance policy by letter on November 16, 2016. Plaintiff named Mickey Jones as its appraiser. Defendant summarily refused to participate in Appraisal in bad faith violation of the Texas Insurance Code.

12.     Defendant has consistently refused to make meaningful attempts to investigate and resolve Plaintiff's claim and have actively attempted to mischaracterize and wrongfully manipulate evidence to misrepresent the value of the claim, in violation of the Texas Insurance Code by:

    a.    Misrepresenting coverage issues underlying the policy;

    b.    Misrepresentation of damage items;

    c.    Attempting to settle the claim without performing a full and adequate investigation of the loss;

    d.    Refusing to acknowledge reports showing hail damage;

    e.    Misrepresenting the value and scope of hail damage losses at covered properties both verbally and in writing;

    f.    Colluding with its adjusters and engineers to misstate the value and devalue the damages;

    g.    Unreasonably delaying settlement offers on location valuations despite the insurer's liability becoming reasonably clear;

    h.    Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

    i.    Misrepresenting that an investigation had been completed when it had not been completed;

j.  Making untrue statements of material fact about the scope and value of the damages;

k.  Failing within a reasonable time to affirm or deny coverage of a claim;

l.  Failing within a reasonable time to request inspections, proofs of loss, or any other items the insurer believed necessary to evaluate the claim;

m.  Failing to adopt and implement reasonable standards for the prompt investigation of claims under the policy;

n.  Refusing to participate in contractually mandated alternative dispute resolutions, including Appraisal;

o.  Compelling Plaintiff to institute a lawsuit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered; and

p.  Failing to timely pay claims.

13. Plaintiff has provided to Defendant all information necessary to pay the claim or to participate in Appraisal. All prerequisites under the Policy have been met.

14. Defendant continues to refuse to pay the amounts owed under the Policy or participate in the Appraisal Process in breach of the insurance contract and its common law and statutory obligations.

## CAUSES OF ACTION

15. **Breach of Contract.** Plaintiff incorporates the allegations of paragraphs 7-14 the same as if fully set forth herein. Plaintiff and Defendant entered into an insurance contract. Plaintiff complied with all provisions of the insurance policy. Defendant breached a material provision of the contract by refusing to pay amounts owed under the insurance contract after a loss. Plaintiff was damaged by Defendant's breach.

16. **Violations of the Texas Insurance Code.** Plaintiff incorporates the allegations of paragraphs 7-14 the same as if fully set forth herein. Defendant failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the Plaintiff's claims when liability was reasonably clear in violation of Texas Insurance Code Section 541.060(a). Specifically, Defendant:

    a.    Misrepresented to Plaintiff material facts and policy provision related to coverage at issue, including but not limited to:

        1)    Misrepresenting the cause of damage;

        2)    Misrepresenting that damage was excluded under the Policies when it was not;

        3)    Misrepresenting the scope and value of the damage;

        4)    Misrepresenting the insurer's obligation to investigate the claim;

        5)    Misrepresenting the insurer's obligation to pay the claim;

        6)    Misrepresenting the insurer's obligation to participate in the Appraisal process;

        7)    Misrepresenting the time frame in which the insurer was required to act under Texas Insurance Code chapter 542;

        8)    Misrepresenting the information and forms required to be provided by the insured and the timelines in which that information was to be requested by the insurer; and,

        9)    Misrepresenting coverage under the policy during both the underwriting and claims processes.

    b.    Performing unfair methods of competition and unfair and deceptive acts or

practices, including but not limited to:

    1) Making untrue statements of material fact, including statements about the amount of damage and coverage for damage;

    2) Failing to state material facts necessary to make other statement made not misleading, considering the circumstances under which the statements were made;

    3) Making statements in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    4) Making a material misstatement of law; and

    5) Failing to disclose a matter required by law to be disclosed.

c. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear, both before appraisal was initiated and after the appraisal award was issued;

d. Failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of the claim;

e. Failing within the deadlines required under Texas Insurance Code chapter 542 to affirm coverage of the claim; and

f. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

17. These Unfair Settlement Practices caused direct damages to Plaintiff which would not have been incurred absent Defendant delays and misrepresentations. Plaintiff is entitled to treble damages, court costs, and its attorney's fees pursuant to Texas Insurance Code 541.152.

18. Further, Defendant committed unfair settlement practices in violation of Texas

Insurance Code chapter 542 by:

a. Failing to, within 15 days (or 30 days for a surplus lines insurer) request from Plaintiff all items, statements, and forms that the insurer reasonably believes would be required, including information regarding other potential dates of loss and a sworn proof of loss (542.055);

b. Failing to, accept or reject the claim within 15 business days within receipt of all requested information, statements, or forms timely requested (542.056);

c. Failing to pay amounts due within 5 business days of receipt of the information necessary to pay the claim (542.057); and

d. Failing to pay the claim in whole within 75 days (90 days for a surplus lines insurer) after notice of the claim (542.058).

Under Texas Insurance Code 542.060, Plaintiff is entitled to an 18% per annum penalty on the entirety of the amounts due under the Policies, starting at the earliest violation of chapter 542 and running until the date that the appraisal award is paid, as well as its attorney's fees and court costs.

19. **Negligence.** Plaintiff incorporates the allegations of paragraphs 4-13 the same as if fully set forth herein. Defendant owed a duty to Plaintiff to perform a reasonable and thorough investigation. Defendant were negligent and grossly negligent in conducting their inspection and investigation. These breaches of Defendant's duties caused damage to Plaintiff.

## ATTORNEYS' FEES

20. **Attorneys' Fees.** As a result of Defendant's failure to pay the amounts due and owing under the policy, Plaintiff retained the undersigned counsel. Plaintiff agreed to pay the undersigned counsel a reasonable fee. Plaintiff is entitled to recover attorney's fees under Texas Civil Practice & Remedies Code section 37.009 and Chapter 38 and Texas Insurance Code

sections 541.152 and 542.060.

## JURY DEMAND

21. **Jury Demand.** Plaintiff requests a jury.

## REQUEST FOR DISCLOSURE

22. **Request for Disclosure.** Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant, Certain Underwriters at Lloyd's, London, disclose within thirty days of the service of this request the information or material described in Rule 194.2.

## RULE 193.7 NOTICE

23. **Rule 193.7 Notice.** Plaintiff additionally gives notice, pursuant to Texas Rule of Civil Procedure 193.7, that it may offer into evidence any document produced in discovery. Accordingly, if there is an authentication concern, this concern must be called to Plaintiff's attention within ten (10) days of the date the document is produced in response to discovery requests.

## PRAYER

Plaintiff prays that Defendant be cited to appear and answer herein and upon hearing that Plaintiff recover judgment against the Defendant for the following:

a. A declaration that:
   i. Defendant participate in Appraisal upon the demand of Plaintiff; and,
   ii. Defendant has breached the insurance policy by refusing to participate in the Appraisal process at the demand of Plaintiff;
b. Actual damages;
c. Attorneys' fees for services rendered and that are allowed by law;
d. Post-judgment interest and costs;

e. Treble damages, and exemplary damages as allowed by law;

f. 18% penalties and interest as allowed by law; and

g. All other relief Plaintiff may show itself entitled to in law or in equity.

Respectfully submitted,

UNDERWOOD LAW FIRM, P.C.

Kelly Utsinger
State Bar No. 20416500
kelly.utsinger@uwlaw.com
Benjamin D. Doyle
State Bar No. 24080865
ben.doyle@uwlaw.com
500 South Taylor, Suite 1200
P.O. Box 9158
Amarillo, TX 79105
Telephone: (806) 376-5613
Fax: (806) 349-9476

/s/ Benjamin D. Doyle
Benjamin D. Doyle

**ATTORNEYS FOR PLAINTIFF
DAWSON FINANCIAL, INC.,
dba DALLAS MARSTON**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED Dawson Finacial, Inc., dba Dallas Marston v. Oklahoma Specialty Insurance Company
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Benjamin D. Doyle
Email: ben.doyle@uwlaw.com
Address: P.O. Box 9158
Telephone: (806) 376-5613
City/State/Zip: Amarillo, Texas 79105
Fax: (806) 379-0316
Signature: /s/ Benjamin D Doyle
State Bar No: 24080865

Names of parties in case:
Plaintiff(s)/Petitioner(s): Dawson Finacial, Inc., dba Dallas Marston
Defendant(s)/Respondent(s): Oklahoma Specialty Insurance Company

[Attach additional page as necessary to list all parties]

Person or entity completing sheet is:
[X] Attorney for Plaintiff/Petitioner
[ ] Pro Se Plaintiff/Petitioner
[ ] Title IV-D Agency
[ ] Other: _____

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract — Debt/Contract**
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [X] Other Debt/Contract: Breach of Contract

**Foreclosure**
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:

- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:

- [ ] Other Injury or Damage:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [X] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Rev 2/13

# Gerard Rickhoff

COUNTY CLERK  BEXAR COUNTY

BEXAR COUNTY COURT HOUSE
SAN ANTONIO, TEXAS 78205

## CITATION SERVICE REQUEST

CASE NO.: _____

PLAINTIFF  Dawson Financial, Inc., dba Dallas Marston        DATE  07/21/17

VS.

DEFENDANT  Oklahoma Specialty Insurance Company

PLEASE LIST **NAME, ADDRESS AND SERVICE TYPE** FOR **EACH DEFENDANT.**

CITATION:
1. NAME: Oklahoma Specialty Insurance Company
ADDRESS: 800 Gessner Road, Suite 600, Houston, Texas 77024
- A. ☐ PRIVATE PROCESS
- B. ☐ SHERIFF
- C. ☑ CERTIFIED MAIL
- D. ☐ OUT OF COUNTY
- E. ☐ MAIL TO ATTORNEY

CITATION:
2. NAME: _____
ADDRESS: _____
- A. ☐ PRIVATE PROCESS
- B. ☐ SHERIFF
- C. ☐ CERTIFIED MAIL
- D. ☐ OUT OF COUNTY
- E. ☐ MAIL TO ATTORNEY

CITATION:
3. NAME: _____
ADDRESS: _____
- A. ☐ PRIVATE PROCESS
- B. ☐ SHERIFF
- C. ☐ CERTIFIED MAIL
- D. ☐ OUT OF COUNTY
- E. ☐ MAIL TO ATTORNEY